﻿Citation Nr: AXXXXXXXX
Decision Date: 11/07/18 Archive Date: 11/07/18

DOCKET NO. 180604-310
DATE: November 7, 2018
ORDER
Service connection for bilateral hearing loss is granted.
Service connection for tinnitus is granted.
FINDINGS OF FACT
1. The Veteran had active service from October 1962 to October 1966.
2. Bilateral hearing loss is etiologically related to acoustic trauma sustained in active service.
3. Tinnitus is etiologically related to acoustic trauma sustained in active service.
CONCLUSIONS OF LAW
1. Bilateral hearing loss was incurred in service. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2017).
2. Tinnitus loss was incurred in service. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2017).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 
The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework. He elected a Direct Review of the evidence of record at the time of the prior decision.
Service Connection
Service connection may be granted on a direct basis as a result of disease or injury incurred in service based on nexus using a three-element test: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred in or aggravated by service. See 38 C.F.R. §§ 3.303(a), (d); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009). 
Service connection may be granted on a presumptive basis for diseases listed in § 3.309 under the following circumstances: (1) where a chronic disease or injury is shown in service and subsequent manifestations of the same disease or injury are shown at a later date unless clearly attributable to an intercurrent cause; or (2) where there is continuity of symptomatology since service; or (3) by showing that the disorder manifested itself to a degree of 10 percent or more within one year from the date of separation from service. See 38 C.F.R. § 3.307.
The Veteran claims he has bilateral hearing loss and tinnitus resulting from his active duty service. As the analysis is similar, the issues will be discussed together. 
Hearing loss and tinnitus are recognized by VA as chronic diseases under 38 C.F.R. § 3.309(a); therefore, the presumptive provisions of 38 C.F.R. §§ 3.303(b), 3.307, and 3.309 apply. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013); Fountain v. McDonald, 27 Vet. App. 258 (2015).
First, diagnoses of bilateral hearing loss and tinnitus have been shown. An October 2017 VA examination showed decibel loss in both ears that qualifies as hearing loss for VA purposes, specifically thresholds of 40 decibels or more at multiple qualifying frequencies in each ear. A diagnosis of tinnitus was also confirmed during the examination. Thus, the first element has been met.
Next, the evidence supports a finding of in-service acoustic trauma. The Veteran claimed he was exposed to jet-engine noise during active service with the Air Force, and had an MOS as a non-Morse intercept operator. He further reported during his October 2017 VA examination that he noticed a ringing in his ears during service, and that his hearing had progressively decreased since serving in the military.
A veteran is competent to report that which he perceives through his senses. Layno v. Brown, 6 Vet. App. 465, 469 (1994). Further, his statements are corroborated by the service records which denote his duty assignments. Thus, his descriptions of the in-service events are consistent with the nature of his service, and his reports are unvarying throughout the record. Accordingly, the second element (in-service incurrence) has been met. 
Next, as to continuity, the Veteran has indicated that he has experienced hearing loss and tinnitus since service. While there is an absence of complaints or treatment for hearing loss or tinnitus for many years after service separation, the Board has resolved reasonable doubt in his favor and finds that he had continuous symptoms of hearing loss and tinnitus since service separation and meets the requirements of presumptive service connection under 38 C.F.R. § 3.303(b). 
The Board notes that a VA examination found that hearing loss and tinnitus were not related to service. However, the Board does not need to reach the weight assignable to the VA opinion because service connection is granted on a presumptive basis under 38 C.F.R. § 3.303(b) for the “chronic” diseases of hearing loss and tinnitus (38 C.F.R. § 3.309 (a)) based on a finding of “continuous” symptoms of hearing loss and tinnitus since service rather than on direct service connection. 
In sum, there is evidence of acoustic trauma in-service and continuous symptoms of hearing loss and tinnitus since service; therefore, hearing loss and tinnitus are presumed to have been incurred in service and the appeal is granted. Because the Board is granting service connection on a presumptive basis based on continuous symptoms of hearing loss and tinnitus since service separation, all other service connection theories are rendered moot.
Finally, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record, for the Board’s consideration. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).
 
L. HOWELL
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Brendan A. Evans, Associate Counsel